UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD LAWRENCE, | ) | Case No. 1:22-cv-2088 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Darrell A. Clay |
| KIM HENDERSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 10) in this habeas action. Petitioner filed a petition for a writ of habeas corpus on November 18, 2022. (ECF No. 1.) Respondent moved to dismiss the petition as untimely pursuant to Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). (ECF No. 8.) Petitioner did not respond to that motion. The Magistrate Judge recommends that the Court dismiss the petition as untimely.

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 10, PageID #629–641.) In short, Mr. Lawrence was convicted of one count of aggravated robbery, three counts of felonious assault, and one count of having weapons while under a disability. (*Id.*, PageID #630.) He was sentenced to a total of 21 years in prison. (*Id.*, PageID #633.) Petitioner unsuccessfully challenged his conviction on direct appeal and through

collateral proceedings in State court before commencing this action. (*Id.*, PageID #633-39.)

Petitioner asserts eleven grounds for relief. (ECF No. 1, PageID #5–11; ECF No. 1-3, PageID #32–47.) Consistent with Respondent's motion, the Magistrate Judge recommends that the Court dismiss the petition as a whole as untimely. (ECF No. 10, PageID #650; ECF No. 8, PageID #68.)

The Report and Recommendation was filed on the docket on November 17, 2023 (ECF No. 10) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring)

(noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided a legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Under the AEDPA, the one-year limitations period runs from the latest of several dates, including as relevant here the date the judgment becomes final. 28 U.S.C. § 2244(d). For Mr. Lawrence, that date was August 5, 2017, one year after his window to seek direct review after resentencing closed. (ECF No. 8-1, PageID #324; ECF No. 10, PageID #642.) Mr. Lawrence signed and mailed his petition for a writ of habeas corpus on October 4, 2022, almost five years later. (ECF No. 1-4, PageID #49.) Even applying any period of statutory tolling that might be available to Mr. Lawrence under Section 2244(d)(2), his application remains untimely. 28 U.S.C. § 2244(d)(2); *see* ECF No. 10, PageID #643. Further, Petitioner has not sufficiently demonstrated an entitlement to equitable tolling. (ECF No. 1-3, PageID #20–31; ECF No. 10, PageID #643–49.)

Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 22), **GRANTS** Respondent's motion (ECF No. 8), and **DISMISSES** this action **WITH**

**PREJUDICE**. Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED**.

Dated: December 15, 2023

 

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio